UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BURNELL LEON COLEMAN**   DOC #99553 | : | **CIVIL ACTION NO. 14-cv-3454**   **SECTION P** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **JAMES LEBLANC, ET AL** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is the civil rights complaint filed *in forma pauperis* by *pro se* plaintiff Burnell Leon Coleman (hereinafter "Coleman"), an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at Allen Correctional Center in Kinder, Louisiana.

On October 22, 2015, this court issued a memorandum order instructing Coleman to provide additional information in support of his complaint. Doc. 13. He was further instructed to respond to the order within thirty (30) days or by November 23, 2015. *Id.* He was cautioned that failure to comply with the order could result in dismissal of this complaint. *Id.* As of this date, Coleman has not complied with the court's order.

Federal Rule of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order...." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

Since Coleman has failed to comply with an order of this court,

**IT IS RECOMMENDED** that Coleman's civil rights complaint be **DISMISSED** in accordance with the provisions of Federal Rule of Civil Procedure 41(b).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996), *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

THUS DONE AND SIGNED in Chambers this 19th day of January, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE